# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES BROBST,<br><br>    Petitioner,<br><br>    v.<br><br>SAN BERNARDINO COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. EDCV 12-2207-ABC (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

      On December 14, 2012, Robert James Brobst ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").

      The Court's review of the Petition reveals that it is deficient because Petitioner has failed to name a proper respondent. A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). "A custodian is the person having a day-to-day control over the prisoner. That person is the only one who can produce the body of the petitioner." Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (internal quotations and citation omitted).

Petitioner has named the San Bernardino County Superior Court as the respondent. However, it appears that Petitioner is currently incarcerated at Centinela State Prison, and the proper respondent would be the warden of that institution. Petitioner's failure to name a proper respondent requires dismissal of the Petition for lack of jurisdiction. See Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Accordingly, the Petition is **DISMISSED WITH LEAVE TO AMEND**. If Petitioner elects to pursue this action, he is **ORDERED** to file an amended petition no later than **January 20, 2013**, in which he names a proper respondent. In the interest of judicial economy, the clerk is directed to return a copy of the Petition to Petitioner so that he may correct the name of the respondent on page one of the petition form. The Petition should be re-labeled as the "First Amended Petition."

Petitioner shall immediately notify the Court of any change to Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute and failure to comply with a court order. See Local Rule 41-6.

Finally, Petitioner is cautioned that his failure to file a First Amended Petition by January 20, 2013, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. No extension of this deadline will be granted absent a showing of good cause.

**IT IS SO ORDERED.**


DATED: December 20, 2012                    */s/ John E. McDermott*
                                             JOHN E. MCDERMOTT
                                             UNITED STATES MAGISTRATE JUDGE